UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES for the use and benefit of
RMP CAPITAL CORP.,

     Plaintiff,

v.                                                                    Case No.  6:11-cv-1717-Orl-19DAB

TURNER CONTRUCTION COMPANY, a
foreign corporation and TRAVELERS
CASUALTY AND SURETY COMPANY OF
AMERICA, a foreign corporation,

     Defendants.

_____

UNITED STATES for the use and benefit of
BOLENA CONSTRUCTION, INC.,

     Plaintiff,

v.                                                                    Case No.  6:11-cv-1983-Orl-19TBS

TURNER CONTRUCTION COMPANY, a
foreign corporation, TRAVELERS
CASUALTY AND SURETY COMPANY OF
AMERICA, a foreign corporation, FEDERAL
INSURANCE COMPANY, a foreign
corporation, FIDELITY AND DEPOSIT
COMPANY OF MARYLAND/ZURICH
AMERICAN INSURANCE COMPANY, a
foreign corporation, and LIBERTY MUTUAL
INSURANCE COMPANY, a foreign
corporation,

     Defendants.

_____

## ORDER

     This case comes before the Court on Defendant, Turner Construction

Company's Motion to Compel Documents Responsive to First Request for Production

to Plaintiff, Bolena Construction, Inc. in Case No. 6:11-cv-1983-Orl-19TBS (the "Bolena Action").  (Doc. 43).  Plaintiff has not filed a paper in opposition to the motion and the time for doing so has passed.  The motion is ripe for resolution and no hearing is deemed necessary.  For the reasons stated below, the Court will grant the motion.

On October 26, 2011, the United States for the Use and Benefit of RMP Capital Corp. ("RMP") filed Case No. 6:11-cv-1717-Orl-19DAB in this Court.  (Doc. 1).[1]  RMP alleges that Turner Construction Company ("Turner"), entered into a contract with the United States Department of Veterans Affairs, Office of Construction and Facilities Management ("VA"), for the federal project known as the Community Living Center Domiciliary and Chapel Package 2, New VA Medical Center, Orlando, Florida (the "Project").  (Doc. 1, ¶ 12).  Turner, together with Travelers Casualty and Surety Company of America, Federal Insurance Company, Fidelity Insurance Company of Maryland/Zurich American Insurance Company, and Liberty Mutual Insurance Company (collectively the "Sureties"), provided a Miller Act payment bond ("Bond") in connection with the Project.  (Doc. 1, ¶ 13).  Turner subcontracted the insulated concrete forming portion of the work to Bolena Construction, Inc. ("Bolena").  (Doc. 1, ¶ 14).  Bolena in turn, entered into a sub-subcontract agreement with Southwick, Inc. ("Southwick") to perform the work under Bolena's contract with Turner.   (Doc. 1, ¶ 15).  Southwick assigned all its rights for its present and future accounts receivable under the sub-subcontract to RMP.  (Doc. 1, ¶ 16). Southwick completed significant

---

[1]All references in this paragraph are to documents filed in Case No. 6:11-cv-1717-Orl-19DAB (the "RMP Action").

work on the Project before demanding payment from Turner, Bolena, and the Sureties all of whom have refused to make payment.  (Doc. 1, ¶¶ 18 and 19).  RMP filed the RMP Action alleging that Turner and the Sureties are obligated to it under the Bond, for the labor, materials, and services provided by Southwick, for which Turner has failed to make payment.

On December 14, 2011, the United States for the use and benefit of Bolena filed the Bolena Action.  (Doc. 1).[2]  Bolena's complaint alleges that it entered into a subcontract with Turner to complete insulated forming at the Project.  (Doc. 1, ¶ 12). Bolena claims that it completed its work, but both Turner and the Sureties have failed to pay it for the work it performed.  (Doc. 1, ¶¶ 15 and 16).  Count I of Bolena's complaint is for breach of contract against Turner; Count II is a claim for quantum meruit against Turner; Count III is an action against the Sureties for payment pursuant to the Miller Act; and Count IV is an action for quantum meruit against the Sureties. (Doc. 1).

The Court determined that the RMP Action and the Bolena Action involve common questions of law or fact and on March 15, 2012, it entered its Order of Consolidation, consolidating the actions for pretrial proceedings and trial.  (Bolena Action, Doc. 35).

Turner propounded its First Request for Production to Bolena on March 9, 2012.  (Bolena Action, Doc. 43-1).  Bolena did not seek a protective order.  On May 11, 2012, Bolena served its answers and objections.  (Bolena Action, Doc. 43-2).

---

[2]All references in this paragraph are to the Complaint filed in the Bolena Action.

 Now, Turner seeks a Court order overruling Bolena's objections to requests 42-45

and compelling Bolena to produce the requested information.  (Doc. 43).  Turner's

requests and Bolena's objections appear below:

> 42. All draft settlement agreements or settlement agreements
> entered into between Bolena and RMP Capital Corp.
>
> Objection, confidential/settlement communications.
>
> 43. All documents, including but not limited to e-mails
> exchanged between counsel, relating to settlement
> agreements between Bolena and RMP Capital Corp.
>
> The documents related to this request are Doc. No.:
>
> Objection, confidential/settlement communications.
>
> 44. All draft joint defense agreements or joint defense
> agreements entered into between Bolena and RMP Capital
> Corp.
>
> Objection, confidential/settlement communications.
>
> 45.  All documents, including but not limited to e-mails
> exchanged between counsel, relating to joint defense
> agreements between Bolena and RMP Capital Corp.
>
> Objection, confidential/settlement communications.

Federal Rule of Civil Procedure 34(a) authorizes parties to serve upon each

other, document requests which relate to any matter that may be inquired into under

Rule 26(b). A party who objects to a request for production must include the reasons

for the objection. FED. R. CIV. P. 34(b)(2)(B).  Objections to discovery must be "plain

enough and specific enough so that the court can understand in what way the

[discovery is] alleged to be objectionable."  Panola Land Buyers Assoc. v. Shuman,

762 F.2d 1550,1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160

(9th Cir. 1981)).

The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D. Ala. 1998). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning relevancy of requested discovery the discovery should be permitted.).

Turner asserts that the information it seeks is relevant because it consists of documents between parties to this consolidated action, which deal with the subject matter of this consolidated action. (Bolena Action, Doc. 43). Turner anticipates calling representative of RMP and Bolena as witnesses at trial and believes the information it seeks may be relevant to show they are biased and prejudiced. (Id.) This is a sufficient good faith basis for Turner to request the information.

Bolena's sole objection is that the information constitutes settlement communications which it says are confidential.  Federal Rule of Evidence 408 prohibits evidence of a party's offer to compromise a claim or the actual compromise of a claim to prove the validity or invalidity of the claim, or the amount of damages.  Rule 408 does allow the evidence if it is offered for another purpose including for example, to show that a witness is biased or prejudiced.  (Id.)  The Rule does not bar the discovery of information concerning a settlement.  In re Denture Cream Products Liability Litigation, 2011 WL 1979666 * 5 (S.D.Fla.); Griffin v. Mashariki, 1997 WL 756914 * 1-2 (S.D.N.Y.); and Tribune Co. v. Purcigliotti, 1996 WL 337277 * 1-2 (S.D.N.Y.).  While the parties to a settlement may agree to keep it confidential, their agreement does not shield their settlement from discovery.  Tribune Co. v. Purcigliotti, 1996 WL 337277 * 3.  As the Court in Jeld-Wen, Inc. v. Nebula Glass International, Inc., 2007 WL 1526649 * 3 (S.D.Fla.), explained:

> There is nothing magical about a settlement agreement.  It ultimately is just a contract between two parties. . . . Rule 26 has no exception for settlement agreements.  Therefore, the traditional post-2000 standards that apply to any Rule 26 issue apply to this document. . . . admissibility issues should not drive the discovery issue.  There is at least a good faith basis here to argue that the settlement agreement may be admissible at trial.  That fact entitles [plaintiff] to production of potentially relevant evidence, whether or not the document is actually admitted at trial. (emphasis in original) (citing Bennet v. La Pere, 112 F.R.D. 136, 139 (D.R.I. 1986).

Now, Bolena's objections are OVERRULED.  Bolena shall produce all of the requested information within seven days from the rendition of this Order.

Federal Rule of Civil Procedure 37(a)(5) provides that when a motion to compel

is granted, or if the requested discovery is produced after a motion to compel is filed,

"the court must, after giving an opportunity to be heard, require the party or deponent

whose conduct necessitated the motion, the party or attorney advising that conduct, or

both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees."  However, the Rule states that the Court "must not order

payment if: (i) the movant filed the motion before attempting in good faith to obtain the

disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified; or (iii) other circumstances make an

award of expenses unjust."  Id.  None of the exceptions apply in this case.

Accordingly, Turner is awarded its expenses, including reasonable attorneys' fees for

the prosecution of this motion.  If the parties are unable to agree upon the amount due

Turner within fourteen days from the rendition of this Order, Turner should file its

application for expenses and then Bolena should file its response.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel